[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 5, 2011
JOHN LEY
CLERK

_____

No. 10-13398
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00579-EAK-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS OROZCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 5, 2011)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Jesus Orozco appeals his convictions and 30-month concurrent sentences

after a jury found him guilty of conspiracy to transport 25 illegal aliens for the

purpose of commercial advantage or personal gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), and transporting 5 illegal aliens for the purpose of commercial advantage or personal gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Orozco worked for a man named Tony at Los Primos Taxi Company. Orozco drove a taxi and, under Tony's direction, transported illegal aliens to locations around the country. In December 2009, the Florida Highway Patrol pulled Orozco's taxi over and discovered that he was transporting five illegal aliens. Orozco later admitted to making other such trips in the past.

On appeal, Orozco first argues that the district court erred by denying his motion to suppress on the ground that the police lacked probable cause to pull his taxi over.[1] However, Officer Jimmie Davis testified that he pulled Orozco over because he was following the vehicle in front of him "more closely than [was] reasonable and prudent" in light of "the speed of [the] vehicles and the traffic upon, and the condition of, the highway," in violation of Fla. Stat. § 316.0895. The district court credited Davis's testimony, which, contrary to Orozco's contention, is supported by the videotape introduced at the suppression hearing.

---

[1] "In reviewing a district court's denial of a motion to suppress, we review its findings of fact for clear error and its application of law to those facts de novo. Further, when considering a ruling on a motion to suppress, all facts are construed in the light most favorable to the party prevailing in the district court—in this case, the government." United States v. Ramirez, 476 F.3d 1231, 1235–36 (11th Cir. 2007).

Thus, because Officer Davis had probable cause to believe that Orozco had committed a traffic violation, there existed probable cause to pull him over. See United States v. Harris, 526 F.3d 1334, 1338 (11th Cir. 2008); United States v. Purcell, 236 F.3d 1274, 1276 n.5 (11th Cir. 2001). Accordingly, the district court did not err by denying his suppression motion.

Second, Orozco argues that the evidence was insufficient to support a six-level enhancement under U.S.S.G. § 2L1.1(b)(2)(B) because the evidence did not demonstrate that he transported at least 25 illegal aliens.[2] However, Orozco admitted that he had transported between 4-8 illegal aliens on 9-10 different occasions. We disagree with Orozco that this admission alone was insufficient, but in any event it was corroborated by the facts and circumstances surrounding the substantive offense for which he was convicted. To the extent Orozco argues that the evidence in this respect was insufficient to support his conspiracy conviction, his argument fails because the number of illegal aliens was not an element of the offense (but rather went only to the statutory maximum). See 8 U.S.C. § 1324(a)(1)(B)(i).

---

[2] "We review the district court's findings of fact for clear error and its application of the Sentencing Guidelines de novo. For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." United States v. Newman, 614 F.3d 1232, 1235 (11th Cir. 2010) (citations omitted).

Third, Orozco argues that the district court erred by failing to award him a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. He argues that, although he proceeded to trial, he did so only to challenge the applicability of the criminal statute to his admitted conduct of being a taxi driver. See U.S.S.G. § 3E1.1, comment. (n.2). However, the district court did not clearly err because Orozco denied having the requisite <u>mens rea</u>, an essential factual element of guilt. See <u>id.</u>; <u>United States v. Starks</u>, 157 F.3d 833, 840–41 (11th Cir. 1998). Nor did Orozco accept personal responsibility at sentencing.

Finally, Orozco argues that the district court erred by not granting him a role reduction under U.S.S.G. § 3B1.2. However, Orozco was held accountable only for the aliens that he personally transported, and he is therefore not entitled to an adjustment merely because a broader criminal scheme may have existed. Moreover, the only other identifiable participant in the conspiracy was Tony. And while Tony may have played a supervisory role in the offense, Orozco cannot establish that he is entitled to a role reduction on this ground. Under our decision in <u>United States v. De Varon</u>, 175 F.3d 930 (11th Cir. 1999) (en banc), Orozco has not met his burden to show that the district court clearly erred by failing to grant him a role reduction. Accordingly, we affirm Orozco's convictions and sentences.

**AFFIRMED.**

4